UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IVA ROBBINS**, <br><br> Plaintiff, <br><br> v. <br><br> **MOLLY C. DWYER, et al.**, <br><br> Defendants. | Case No. 24-cv-318 (CRC) |

## MEMORANDUM OPINION

Pro se plaintiff Iva Robbins filed two appeals in the United States Court of Appeals for the Ninth Circuit, but they were dismissed after she failed to comply with that court's orders. Displeased, she came to this district and sued three Ninth Circuit employees in their official capacities. They moved to dismiss her complaint. Because the Court lacks jurisdiction to review the decisions of other federal courts, and Defendants are immune from any damages claim arising from basic judicial functions, the Court will grant the motion.

### I. Background

This case arises from two notices of appeal Robbins filed in the Ninth Circuit. See Compl. ¶¶ 23–24; Robbins v. Alexandria Redevelopment Hous. Auth. (No. 23-15670) (9th Cir. filed May 4, 2023); Robbins v. Alexandria Redevelopment Hous. Auth. (No. 23-15907) (9th Cir. filed June 20, 2023). In both cases, Robbins attempted to prosecute qui tam actions on behalf of the United States as a pro se relator. See Order, No. 23-15670 (9th Cir. July 10, 2023), ECF No. 5; Order, No. 23-15907 (9th. Cir July 10, 2023), ECF No. 2 (collectively, "Orders to Show Cause"). But a relator in a qui tam action cannot represent herself, so the Ninth Circuit ordered Robbins to retain counsel within twenty-one days or show cause why her appeals should not be dismissed. See Orders to Show Cause (citing United States ex rel. Stoner v. Santa Clara Cnty.

Off. of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007)).  The Orders to Show Cause were entered by Molly C. Dwyer, the Clerk of Court for the Ninth Circuit.  See id.  Robbins responded by filing cease-and-desist notices and a motion to appoint a special master.  See Notice, No. 23-15670 (9th Cir. July 28, 2023), ECF No. 6; Notice, No. 23-15907 (9th Cir. July 31, 2023), ECF No. 3; Notice, No. 23-15670 (9th Cir. August 21, 2023), ECF No. 7; Notice, No. 23-15907 (9th Cir. August 21, 2023), ECF No. 4.  After Robbins missed the deadline to comply with the Orders to Show Cause, the Ninth Circuit dismissed her appeals.  Order, No. 23-15670 (9th Cir. February 29, 2024), ECF No. 8; Order, No. 23-15907 (9th Cir. February 29, 2024), ECF No. 6.

Robbins then filed suit in this district against Ms. Dwyer and two other Ninth Circuit employees in their official capacities.  See Compl. ¶¶ 3, 10–12.  While difficult to decipher, Robbins's complaint appears to allege that Defendants violated her constitutional rights and the federal statute governing the composition of appellate panels, 28 U.S.C. § 46, by dismissing her appeals before she had the opportunity to present their merits to a three-judge panel.  See id. ¶¶ 23–74.  Robbins seeks a declaration that the Orders to Show Cause were "void" and that the Defendants violated her First and Fifth Amendment rights, as well as an injunction prohibiting Defendants from "adversely [a]ffect[ing] Ms. Robbins in pursue [sic] to a three panel review" and "adversely destroy[ing] [her] . . . legal standing."  Id. at Prayer for Relief.  Her complaint also includes an unexplained section titled "Count and Damages."  Id. ¶ 75.

Defendants moved to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  ECF No. 9 at 1.  The Court issued a Fox/Neal order advising Robbins of her obligation to respond by April 29, 2024, or risk conceding the motion.  ECF No. 10.  Robbins then filed a motion for an enlargement of time for discovery, ECF No. 12, and a motion

to strike Defendants' motion to dismiss, ECF No. 13, both of which Defendants opposed, ECF Nos. 15, 16.

## II. Legal Standards

When evaluating a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)). The plaintiff bears "the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." Biton v. Palestinian Interim Self-Government Auth., 310 F. Supp. 2d 172, 176 (D.D.C. 2004).

"The Court 'may *sua sponte* dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) without notice where it is patently obvious that the plaintiff cannot possibly prevail based on the facts alleged in the complaint.'" Klayman v. Rao, No. 21-cv-02473 (CRC), 2021 WL 4948025, at *2 (D.D.C. Oct. 25, 2021) (quoting Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 127 (D.C. Cir. 2012)), aff'd, 49 F.4th 550 (D.C. Cir. 2022). To state a claim upon which relief may be granted, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[A]lthough a *pro se* complaint 'must be construed liberally, the complaint must still "present a claim on which the Court can grant relief[.]"'" Smith v. Scalia, 44 F. Supp. 3d 28, 36 (D.D.C. 2014) (quoting Budik v. Dartmouth-Hitchcock Med. Ctr., 937 F. Supp. 2d 5, 11 (D.D.C. 2013)).

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165–66

(1985) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)). Accordingly, "an official-capacity suit is . . . to be treated as a suit against the entity." Id.

### III. Analysis

The gist of Robbins's complaint is a request for the Court to declare Defendants' actions unlawful and prevent them from dismissing her Ninth Circuit appeals. In effect, she asks the Court to order the Ninth Circuit to adjudicate her cases differently. But it is well-established that "[a] federal district court lacks jurisdiction to review decisions of other federal courts." Klayman v. Rao, 49 F.4th 550, 552 (D.C. Cir. 2022) (quoting Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006)); see also Partington v. Houck, No. 14-5071, 2014 WL 5131658, at *1 (D.C. Cir. Oct. 3, 2014) ("The district court correctly held that it lacked authority to declare void a decision of this court."); Swiatkowski v. Bank of Am., 81 F. Supp. 3d 56, 58 (D.D.C. 2015) ("This Court is not a reviewing court and it lacks jurisdiction to compel another court to act."). Consequently, the Court lacks jurisdiction to award Robbins the equitable relief she seeks.

To the extent Robbins has also attempted to state a damages claim, she still cannot proceed. "Sovereign immunity . . . bar[s] suits for money damages against officials in their official capacity absent a specific waiver by the government." Clark v. Libr. of Cong., 750 F.2d 89, 103 (D.C. Cir. 1984). And "[j]udges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity." Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993). This immunity extends to clerks and other "auxiliary court personnel" for acts "that are 'basic and integral part[s] of the judicial function." Id. at 1461 (alteration in original) (quoting Mullis v. U.S. Bankr. Ct., 828 F.2d 1385, 1390 (9th Cir. 1987)). The acts in question here—entering and enforcing orders of the Ninth Circuit—are quintessentially judicial. Therefore, immunity bars any damages claim against Defendants arising from those acts. It is

not entirely clear whether Rule 12(b)(1) or Rule 12(b)(6) is the proper ground for dismissal based on official immunity, see Klayman v. Porter, No. 23-7034, 2024 WL 137330, at *2 n.2 (D.C. Cir. Jan. 12, 2024), but it is evident that dismissal based on immunity is warranted here.

"Because no 'allegation of other facts' could plausibly cure the foregoing defects, this case will be dismissed with prejudice." Patel v. United States, No. 22-cv-3805, 2023 WL 1970724, at *2 (D.D.C. Feb. 10, 2023) (citation omitted), aff'd, No. 23-5048, 2023 WL 5199644 (D.C. Cir. Aug. 14, 2023).

### IV. Conclusion

For the foregoing reasons, the Court will grant Defendants' [ECF No. 9] Motion to Dismiss. A separate Order shall accompany this memorandum opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: November 13, 2024